**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 21-4397**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

KELVIN JAMILLE REEVES, a/k/a Knowledge,

Defendant - Appellant.

Appeal from the United States District Court for the District of South Carolina, at Greenville.  Bruce H. Hendricks, District Judge.  (6:11-cr-02026-BHH-9)

Submitted:  November 19, 2021                       Decided:  December 8, 2021

Before WILKINSON, FLOYD, and THACKER, Circuit Judges.

Vacated and remanded by unpublished per curiam opinion.

Emily Deck Harrill, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Columbia, South Carolina, for Appellant.  M. Rhett DeHart, Acting United States Attorney, Columbia, South Carolina, Justin W. Holloway, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Greenville, South Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Kelvin Jamille Reeves appeals the 12-month term of imprisonment imposed upon the revocation of his supervised release. Reeves contends that the district court committed two reversible procedural errors: failing to address his nonfrivolous mitigation arguments, and failing to orally impose all discretionary conditions of supervised release contained in the written judgment, in violation of *United States v. Rogers*, 961 F.3d 291 (4th Cir. 2020). Finding reversible error in the district court's explanation of the sentence, we vacate and remand for resentencing.

"A district court has broad discretion when imposing a sentence upon revocation of supervised release." *United States v. Patterson*, 957 F.3d 426, 436 (4th Cir. 2020). "We will affirm a revocation sentence if it is within the statutory maximum and is not plainly unreasonable." *United States v. Slappy*, 872 F.3d 202, 207 (4th Cir. 2017) (internal quotation marks omitted). To determine whether a revocation sentence is plainly unreasonable, we first determine whether the sentence is procedurally or substantively unreasonable, evaluating "the same procedural and substantive considerations that guide our review of original sentences" but taking "a more deferential appellate posture than we do when reviewing original sentences." *United States v. Padgett*, 788 F.3d 370, 373 (4th Cir. 2015) (alteration and internal quotation marks omitted).

"A revocation sentence is procedurally reasonable if the district court adequately explains the chosen sentence after considering the Sentencing Guidelines' nonbinding Chapter Seven policy statements and the applicable 18 U.S.C. § 3553(a) factors." *United States v. Coston*, 964 F.3d 289, 297 (4th Cir. 2020) (internal quotation marks omitted),

2

*cert. denied*, 141 S. Ct. 1252 (2021); *see* 18 U.S.C. § 3583(e) (listing sentencing factors applicable to revocation proceedings). "A court need not be as detailed or specific when imposing a revocation sentence as it must be when imposing a post-conviction sentence, but it still must provide a statement of reasons for the sentence imposed." *United States v. Thompson*, 595 F.3d 544, 547 (4th Cir. 2010) (internal quotation marks omitted). In doing so, the district court must, at a bare minimum, explain the sentence sufficiently to permit meaningful appellate review and provide "assurance that the court considered any potentially meritorious arguments raised by [the defendant] with regard to his sentencing." *United States v. Gibbs*, 897 F.3d 199, 205 (4th Cir. 2018) (alterations and internal quotation marks omitted); *see United States v. Patterson*, 957 F.3d 426, 440 (4th Cir. 2020) ("Although that is a lower bar, the record must reflect some affirmation that the court considered the arguments in mitigation made by a defendant.").

Here, the district court neither addressed nor acknowledged Reeves' mitigation arguments. The court generally referenced the policy statements in Chapter Seven of the U.S. Sentencing Guidelines Manual and the statutory factors under 18 U.S.C. § 3553(a) and 18 U.S.C. § 3583(e). However, the court neither provided an individualized explanation for the sentence it selected nor expressly or implicitly addressed Reeves' specific mitigation points. *See United States v. Carter*, 564 F.3d 325, 329 (4th Cir. 2009); *cf. United States v. Ross*, 912 F.3d 740, 745 (4th Cir. 2019) ("[T]he district court cannot meet its responsibility through broadly referring to the § 3553(a) factors in lieu of addressing the parties' non-frivolous arguments").

3

We decline the Government's invitation to infer the court's consideration of Reeves' arguments from the hearing as a whole, as the "district court's reasons for" rejecting Reeves' arguments are not "clear from context." *See Thompson*, 595 F.3d at 547. The court's off-the-record conference with the probation officer and its receipt of statements and testimony after imposing sentence have no apparent connection to Reeves' specific arguments regarding his sobriety, employment, and rehabilitative programming. Likewise, although a court's tailoring of a sentence to a defendant's individual characteristics may provide evidence that the court considered relevant § 3553(a) factors, *see United States v. Nance*, 957 F.3d 204, 213 (4th Cir.), *cert. denied*, 141 S. Ct. 687 (2020), the special conditions of supervised release imposed by the district court lack a sufficient nexus to Reeves' mitigation arguments to give rise to an inference that the court accounted for those arguments when determining the sentence. Likewise, the district court's announcement of an alternative variant sentence, standing alone, does not establish whether, or how, the court considered Reeves' mitigation arguments, falling short of the requirements for meaningful appellate review. We therefore conclude that the record provides inadequate assurance that the district court, in fact, considered the mitigation arguments proffered by Reeves and his counsel. The district court's "failure to so much as mention [Reeves'] arguments," which violated our established minimum procedural requirements, renders the sentence plainly unreasonable. *Patterson*, 957 F.3d at 440; *see also Slappy*, 872 F.3d at 210 (explaining that sentence is "*plainly* unreasonable" when "it runs afoul of clearly settled law" (alteration and internal quotation marks omitted)).

Of course, we will affirm a plainly unreasonable revocation sentence if we determine that the error is harmless. *Slappy*, 872 F.3d at 207; *see United States v. Lynn*, 592 F.3d 572, 578 (4th Cir. 2010) (explaining that defendant preserves sufficiency-of-explanation challenge by drawing on § 3553(a) factors to argue for sentence different from that imposed). A procedural sentencing error is harmless if it "did not have a substantial and injurious effect or influence on the result." *Patterson*, 957 F.3d at 440 (internal quotation marks omitted). Because, on our review of the record, it remains "plausible that [the court] might have imposed a lower revocation sentence" had it expressly considered Reeves' mitigation arguments, we conclude that the error is not harmless. *See Slappy*, 872 F.3d at 210.

Accordingly, we vacate the district court's judgment and remand for resentencing.[*] We grant Reeves' unopposed motion to expedite decision in this appeal. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*VACATED AND REMANDED*

---

[*] In light of our resolution of this claim, we decline to resolve Reeves' remaining argument that specific discrepancies in the discretionary conditions of supervised release imposed orally and included in the written judgment violate *Rogers*.